# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE WATSON **Plaintiff** | ) ) ) |
| v. | ) ) ) |
| DORCHESTER DISTRICT COURT THE APPELLATE COURT OF THE COMMONWEALTH OF MASSACHUSETTS THE CITY OF BOSTON SUFFOLK COUNTY THE COMMONWEALTH OF MASSACHUSETTS **Defendants** | ) ) ) ) ) ) ) ) ) ) |



CIVIL ACTION NO

MOTION FOR INDEPENDENT INVESTIGATION OF VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

03 - 1

Referred to MJ JLA

## COMPLAINT

1. Lawrence Watson, herein the Plaintiff, is a resident of Boston, Massachusetts in Suffolk County and a resident of the United States of America
2. The Defendant, Dorchester District Court, is a district court of the judicial system of the Commonwealth of Massachusetts and located within Suffolk County.
3. The Defendant, the Appellate Court of the Commonwealth of Massachusetts, is an appeals court of the Commonwealth of Massachusetts and is located within Suffolk County.
4. The city of Boston is a city of the Commonwealth of Massachusetts
5. Suffolk County is a county within the Commonwealth of Massachusetts
6. The Commonwealth of Massachusetts is one of the fifty states of the United States of America

## JURISDICTION

7. This Court has jurisdiction because the Defendants have violated the Plaintiff's rights guaranteed under the Fifth and Fourteenth Amendment to the Constitution of the United States of America

## FACTS

8. On April 4, 2003 the Plaintiff filed a motion for visitation rights in Probate Court because Sherry Walker would not allow the Plaintiff proper access to his daughter Shanai Lauryn Watson. The hearing was scheduled for May 13, 2003.

9. On April 4, 2003 the Plaintiff applied for a restraining order against Sherry Walker out of concern that she would physically assault him when he attempts to visit his daughter.
10. On May 2, 2003 the Plaintiff appeared in Probate Court and was denied the restraining order because the judge stated that, "this is not what a restraining order is for." The Defendant in the restraining order matter did not appear at the hearing.
11. On May 5, 2003 Sherry Walker applies for and receives a temporary restraining order against the Plaintiff. The hearing is scheduled for May 19, 2003.
12. On May 7, 2003 Dorchester District Court mailed the Plaintiff a copy of a restraining order given to Sherry Walker on June 5, 2003.
13. On May 9, 2003 the Plaintiff calls the restraining order department at Dorchester District Court because he has a previously scheduled hearing in Taunton District Court on May 19, 2003. The Plaintiff was informed that he will have to physically appear in Dorchester District Court to have the hearing date changed.
14. On May 16, 2003 the Plaintiff appeared at the restraining order department at Dorchester District Court to reschedule the hearing. Leslie Martines of the restraining order department refused to accommodate the Plaintiff. Ms. Martines claimed that only Sherry Walker can reschedule the hearing and that it was too late because Sherry Walker has to be given at least 10 days notice.
15. On May 19, 2003 the Plaintiff had his sister Nadena Watson submit a motion for change of date and a motion for change of venue to Dorchester District Court. Sherry Walker and her children are still present in the court when Ms. Watson submitted the aforementioned motions. The hearing is held without the Plaintiff present and Judge Rosalind Miller renewed the order for one year.
16. The Plaintiff filed a motion to dismiss and vacate *nunc pro tunc* the restraining order on June 8, 2003. The hearing was scheduled for June 18, 2003.
17. On June 18, 2003 both parties appeared before Judge Timothy Gailey for the motion to dismiss and vacate *nunc pro tunc* filed by the Plaintiff. Judge Timothy Gailey refused to hear the Plaintiff's motion to dismiss and vacate the order based on the violation of the Plaintiff's constitutional rights and ordered the Plaintiff to state his opposition to the issuing of the restraining order. Repeatedly the Plaintiff asked the Court to address the violation of his constitutional rights and Judge Gailey refused. Judge Gailey extended the order from one year of the date of the hearing of June 18.
18. On August 18, 2003 the Plaintiff appeared at the office of the Appeals Court of the Commonwealth of Massachusetts to file an appeal of the June 18 decision. When the Plaintiff attempted to file an appeal, the clerk of the Court informed the Plaintiff that the time period allowed to file an appeal is 30 days. The Plaintiff had been informed by a clerk of Dorchester District Court that the time period was 90 days.
18. On Septmber 3, 2003 the Plaintiff filed a petition for late filing of appeal. The Plaintiff filed a motion to waive the entry fee because he could not afford the fee of $315.00
19. On September 5, 2003 the Plaintiff received notice from the Appeals Court that his motion to waive the entry fee was denied.

20. The Plaintiff did not complete the appeal process because he is truly indigent and financially incapable of meeting the monetary requirements.
21. Since August 1, 2003 the Plaintiff has filed two reports with the Boston Police department concerning the theft of his property by and harassing phone calls from Sherry Walker. Despite seeking to have the matter addressed at every level of the local police station and the proper channels at the Boston Police Headquarters, to date the Plaintiff has been unable to get the Boston Police Department to investigate his complaints
22. The actions of the Defendants are the latest in a series of events that resulted in the violation of the Plaintiff's rights to due process, protection against discrimination and equal protection under the law.
23. Since 1995, the Defendants have violated the Plaintiff's constitutional rights and persecuted him for opposing its discriminatory practices against males in domestic matters
24. Since 1995, the Plaintiff has requested an investigation for civil rights violations from the Federal Bureau of Investigations nearly one dozen times and has been denied.
25. Since 1995, the Plaintiff has written requests to the Boston branch of the Department of Justice, seeking an investigation into civil rights violations and has failed to receive a response.
26. The Domestic Violence Court at Dorchester District Court is one of two special courts created by the Department of Justice, established to determine more efficient methods to address the issue of domestic violence.
27. The Plaintiff seeks an independent investigation because the Department of Justice and the Defendants are unwilling and unable of conducting an impartial investigation of any violation of the Plaintiff's civil rights. Also the Department of Justice's association with Dorchester District Court creates a conflict of interest as outlined by the Commonwealth of Massachusetts and the federal government.

Wherefore the Plaintiff asks this Court to appoint an independent counsel to investigate violation of the Plaintiff's civil rights

Respectfully

Lawrence Watson
11 Lucerne Street
Boston, MA 02124
(617) 282-6181